U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 7 2015
CLERK, U.S. DISTRICT COURT
By ____ Deputy

# United States District Court

**NORTHERN DISTRICT OF TEXAS**

**In the Matter of the Search of**
**(Name, address or Brief description of person, property or premises to be searched)**
Information associated with: ibeash420@gmail.com; which is stored at premises owned, maintained, controlled, or operated by Google Inc., an email provider headquartered at 1600 Amphitheater Parkway, Mountain View, California

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

**CASE NUMBER:** 3:15-MJ- 757 BH

**I** Matthew Dunn **being duly sworn depose and say:**

**I am a(n) Supervisory Special Agent with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have reason to believe that on the person of or XX on the property or premises known as** (name, description and/or location)

(SEE ATTACHMENT A).

**in the Northern District of Texas there is now concealed a certain person or property, namely (describe the person or property to be seized)**

(SEE ATTACHMENT B).

**which is** (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)
property that constitutes evidence of the commission of a crime, contraband, the fruits of crime, and is, otherwise, criminally possessed, **concerning a violation of Title** 18 **United States code, Section(s)** 2252A(a)(1), 2252A(a)(2)(A) and 2252A(a)(5)(B). **The facts to support a finding of Probable Cause are as follows:**

(SEE ATTACHED AFFIDAVIT OF SUPERVISORY SPECIAL AGENT MATTHEW DUNN).

**Continued on the attached sheet and made a part hereof.** XX **Yes** _ **No**

**Signature of Affiant**
MATTHEW DUNN
Supervisory Special Agent, DHS-HSI

**Sworn to before me, and subscribed in my presence**

**October 7, 2015** **at** **Dallas, Texas**
**Date** **City and State**

**IRMA C. RAMIREZ**
**United States Magistrate Judge**
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| Information associated with: ibeash420@gmail.com; which is stored at premises owned, maintained, controlled, or operated by Google Inc., an email provider headquartered at 1600 Amphitheater Parkway, Mountain View, California | Case No. ____________________<br>HSI Case No. DA07QL15DA0056<br>**Filed Under Seal** |
|---|---|

## AFFIDAVIT

I, Supervisory Special Agent Matthew Dunn, of the United States Immigration and Customs Enforcement (ICE), being duly sworn under oath, do hereby depose and state:

## INTRODUCTION

I am a Supervisory Special Agent (SSA) with Homeland Security Investigations (HSI), within ICE, assigned to the Office of the Special Agent in Charge, Dallas, Texas. I have been employed with HSI since March 2003. As part of my duties as an HSI agent, I investigate, and supervise those who investigate, criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A. I have received and delivered training in the area of child pornography and child exploitation, and, during the course of my investigations, have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C.

§ 2256) in many forms of media, including computer media. I have been involved in numerous child pornography investigations and am familiar with the tactics used by child pornography offenders who collect and distribute child pornographic material.

1. As a SSA, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. This affidavit is being made in support of an application for a search warrant authorizing the search of the records of Google, Inc., associated with Google account known as ibeash420@gmail.com, listed and described in Attachment A (hereafter the "SUBJECT ACCOUNT"), and stored at the premises owned, maintained, controlled, and/or operated by Google, Inc. ("Google"), located at 1600 Amphitheatre Parkway, Mountain View, CA 94043, and to seize evidence, fruits, and instrumentalities, more particularly described Attachment B, of violations of 18 U.S.C. § 2252A(a)(1) (transportation of child pornography); 18 U.S.C. § 2252A(a)(2) (receipt and distribution of child pornography); and 18 U.S.C. §2252A(a)(5)(B) (possession of child pornography).

3. The statements included in this affidavit are based in part on my investigation of this matter, as well as information provided by other law enforcement agents. Because this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included each and every fact discovered during the course of this investigation. I have included only those facts that I believe are necessary to establish probable cause to believe that fruits, evidence, and instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2)(A), and 2252A(a)(5)(B), are currently stored in the

records Google, Inc., associated with Google account ibeash420@gmail.com (the SUBJECT ACCOUNT), at the premises owned, maintained, controlled, and/or operated by Google, Inc. ("Google"), located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

4. In summary, I have probable cause to believe that evidence of violations of 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2)(A), and 2252A(a)(5)(B), involving the use of a computer in or affecting interstate commerce to transport, receive, distribute, possess and/or access child pornography, is located in and within the SUBJECT ACCOUNT. Specifically, this affidavit sets forth facts that establish that an individual using Google email account ibeash420@gmail.com transported, received, and distributed child pornographic content. I therefore have reason to believe the SUBJECT ACCOUNT will have stored information and communications that are relevant to this investigation, including the identity of the person maintaining this account. Thus, as outlined below, and based on my training and experience, there is probable cause to believe that evidence and/or instrumentalities of the aforementioned crimes are located in the SUBJECT ACCOUNT.

## DEFINITIONS

6. The following definitions, inclusive of all definitions contained in 18 U.S.C. § 2256, apply to this affidavit and Attachment B:

a. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily, in and of

themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

    b.    "Electronic mail," commonly referred to as e-mail (or email), is a method of exchanging digital messages from an author to one or more recipients. Modern e-mail operates across the Internet or other computer networks. E-mail systems are based on a store-and-forward model: e-mail servers accept, forward, deliver, and store messages. Neither the users nor their computers are required to be online simultaneously; they need only connect briefly, typically to an e-mail server, for as long as it takes to send or receive messages. An Internet e-mail message generally consists of three components, the message envelope, the message header, and the message body, but may include a fourth component, an attachment. E-mail attachments can include any type of digital file. There are numerous methods of obtaining an e-mail account; some of these include e-mail accounts issued by an employer or school. One of the most commons methods of obtaining an e-mail account is through a free web-based e-mail provider such as, MSN, Yahoo, or Gmail. Anyone that has access to the Internet can generally obtained a free web-based e-mail account.

    c.    "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet.

d. The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, paintings), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); mechanical form (including, but not limited to, phonograph records, printing, typing); or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## TECHNICAL INFORMATION REGARDING GOOGLE AND GMAIL

7. Google, Inc. ("Google") is an American multinational technology company specializing in Internet-related services and products. These Internet-related services and products include online advertising technologies, search, cloud computing, and software. Some of Google's online productivity software includes email (Gmail), a cloud storage service (Google Drive), an office suite (Google Docs), and a social networking service (Google+).

8. A Google account is defined by Google, as a Google-wide username and password that can be used to access various products (e.g., Gmail, Google+). A Google

account contains information that applies across products, such as the user's biographical data (name, birthdate, gender, phone number, email address), preferred language, some privacy settings. Google accounts are unique and may only be associated with a single Gmail account.

9. Through my training and experience, I have learned that Google provides a variety of on-line services, including email access, to the general public. Google allows subscribers to obtain email accounts at the domain name "gmail.com," like the email account listed in Attachment A. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and un-retrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information.

10. In general, an email that is sent to a Google subscriber is stored in the subscriber's "in-box" on Google servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on Google servers indefinitely. The user can move and store messages in personal folders such as a "sent folder." In recent years, Google and other ISPs have provided their users with larger storage capabilities associated with the user's email account. When the subscriber sends an email, it is initiated at the user's computer, transferred via the Internet to Google's

servers, and then transmitted to its end destination. Google often saves a copy of the email sent. Unless the sender of the email specifically deletes the email from the Google account, the email can remain on the system indefinitely.

11. A sent or received email typically includes the content of the message, source and destination addresses, the date and time at which the email was sent, and the size and length of the email. If an email user writes a draft message but does not send it, that message may also be saved by Google but may not include all of these categories of data.

12. A Google subscriber can also store files, including emails, address books, contact or buddy lists, calendar data, pictures, and other files on servers maintained and/or owned by Google. Subscribers to Google might not store on their home computers copies of the emails stored in the Google account. This is particularly true when they access their Google account through the web, or if they do not wish to maintain particular emails or files in their residence. In essence, a subscriber's email box has become a common online data storage location for many users. This is particularly true when they access their Google account through the web or if they do not wish to maintain particular emails or files in their residence.

13. In general, email providers like Google ask each of their subscribers to provide certain personal identifying information when registering for an email account. This information could include the subscriber's full name, physical address, telephone numbers and other identifiers, such as alternative email addresses, and, for paying

subscribers, means and source of payment (including any credit or bank account number).

14. Email providers typically retain certain transaction information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website), and other log files that reflect usage of the account. In addition, email providers often have records of the IP address used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

15. In some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the providers support services, as well as records of any actions taken by the provider or user as a result of the communications.

16. In my training and experience, email users often use email accounts for everyday transactions because it is fast, low cost, and simple to use. People use email to communicate with friends and family, manage accounts, pay bills, and conduct other

online business. Email users often keep records of these transactions in their email accounts, to include identifying information such as name and address.

In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

**BACKGROUND OF THE INVESTIGATION**

17. On September 25, 2015, the Homeland Security Investigations (HSI) Dallas, Cyber/Child Exploitation Group (CCEG) received information from the HSI Child Exploitation Investigations Unit (CEIU) regarding the distribution of child pornography via the Google account ibeash420@gmail.com. On or about September 11, 2015, the HSI CEIU received information from the Queensland (Australia) Police Service (QPS) regarding the listed Google account.

18. The QPS have been engaged in covert investigations involving the distribution of child pornographic material via the Internet; more specifically via a known Internet photo sharing website where individuals who wish to trade child pornographic content meet. During the course of their covert investigation, one of the email accounts used by the QPS received an email from ibeash420@gmail.com indicating a desire to trade child pornographic content. The QPS responded to the email request. Below provides specific details regarding the email communication from ibeash420@gmail.com:

| **Subject** | **Sender** | **Recipient** | **Time/Date** | **Attachment** |
|---|---|---|---|---|
| trade | ibeash420@gmail.com | [Redacted]@outlook.com | 7/21/15 2:43am | No |

a. "**trade**": This email was sent from ibeash420@gmail.com (SUBJECT ACCOUNT) to the QPS covert email account and contained the text: "lets trade vids?" In addition, the email contained two hyperlinks to an online storage website. QPS investigators followed the two hyperlinks and identified numerous child pornographic videos and images available for download. QPS investigators downloaded the content and verified that it was child pornographic material. The following descriptions provide an example of the material available at the two hyperlinks sent by ibeash420@gmail.com:

| Hyperlink | File Title | Description |
|---|---|---|
| 1 | image(46).jpeg | This image file depicts a prepubescent female minor, nude, lying on her back. The female minor's legs are spread and she is using both of her hands to spread apart her vagina. |
| 1 | _SC_0082 [1600x1200].JPG | This image file depicts a prepubescent female minor lying on a bed. The female minor is wearing only black stocking and a red bra/sports top. The female minor has her legs spread which enables a lascivious display of her genitalia. |
| 2 | 2yrbaby5.jpg | This image file depicts a prepubescent female minor exposing her genital area. In addition, the image depicts what appears to be an adult male touching the genital area of the prepubescent female minor. |
| 2 | 1196305763485.jpg | This image file depicts a prepubescent female minor, nude, lying on her back with her legs spread. There appears to be an adult male touching the genital area of the prepubescent female minor. |

Based on my training and experience, these files, which were distributed by user ibeash420@gmail.com (the SUBJECT ACCOUNT), constitute child pornography as defined by 18 U.S.C. § 2256(8).

19. On September 14, 2015, the HSI CEIU issued an administrative summons to Google for subscriber information related to Google account ibeash420@gmail.com. On or about September 16, 2015, Google provided the following relevant information:

Name: bane jahh
e-Mail: ibeash420@gmail.com
Services: Gmail, Google Calendar, Google Drive, Google Talk, Web History, YouTube
Created on: 2015/01/14-10:26:25-UTC
IP: 72.64.116.40, on 2015/01/14-10:26:25-UTC
Google Account ID: 583618030158

Google also provided the IP log history for the time period March 21, 2015 to September 10, 2015 for the above listed Google account. All of the IP addresses resolved to Verizon Online LLC with the exception of one on April 26, 2015 that resolved to Sprint PCS.

20. On September 25, 2015, SSA Dunn served an administrative summons on Verizon Legal Compliance for the information relating to the following IP addresses, identified in the subscriber information provided by Google regarding account ibeash420@gmail.com: 71.164.163.93; 71.164.143.194; 71.170.66.130; 173.57.20.135; 173.64.214.161; 71.123.224.136; 173.71.15.153; 173.64.218.173; and 173.64.213.153. On XXX, Verizon responded by providing the following account information:

VOL Account Number: 0134446146917
Account Creation Date: 09/02/2013
Customer Name: Tony Tanner
Account Address: 5305 Greyson Drive, Garland, Texas 75043
Daytime Telephone: 214-728-9125
Email Address: xscatcing@gmail.com

It should be noted that Verizon identified the same customer information

for all nine IP addresses requested.

## INFORMATION TO BE SEARCHED AND SEIZED

21.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

22.     Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that on the computer systems in control of Google, Inc. there exists evidence and instrumentalities of crime and contraband and there is probable cause to believe that ibeash420@gmail.com will contain evidence of a crime, specifically but not limited to, identification of the person who controls ibeash420@gmail.com, which is responsible for the transportation, receipt, distribution, and possession of child pornography.  Accordingly, I respectfully request that the Court issue a search warrant for the SUBJECT ACCOUNT, as described in Attachment A.

23.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google to disclose to the government copies of the records

and other information (including the content of communications) particularly described in Section I of Attachment A. Upon receipt of the information described in Section I of Attachment A, government-authorized persons will review that information to locate the items described in Section II of Attachment A.

24. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711(3) and 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that - has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(I).

25. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

26. I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment A.

**REQUEST TO SEAL, ORDER NON-DISCLOSURE, AND KEEP ACCOUNT ACTIVE**

27. Pursuant to 18 U.S.C. § 2705(b), I would request the Court order Google not to notify any other person of the existence of this warrant for the next 180 days. This request is made because I believe notification of the existence of the warrant will seriously jeopardize the ongoing investigation.

Matthew Dunn
Supervisory Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on ~~September~~ October 7, 2015.

HONORABLE IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

**ATTACHMENT A**
**DESCRIPTION OF LOCATION TO BE SEARCHED**

The SUBJECT ACCOUNT is associated with the Google, Inc. customer account:

***ibeash420@gmail.com***

which is stored at premises owned, maintained, controlled or operated by Google, Inc. ("Google"), located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

# ATTACHMENT B
## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

In order to ensure that agents search only those computer accounts and/or computer files described herein, this search warrant seeks authorization to permit employees of Google, Inc. ("Google") to assist agents in the execution of this warrant. To further ensure that agents executing this warrant search only those accounts and/or computer files described below, the following procedures have been implemented:

1. The warrant will be presented to Google personnel by law enforcement agents. Google personnel will be directed to isolate those accounts and files described below;

2. In order to minimize any disruption of computer service to innocent third parties, the system administrator will create an exact duplicate of the accounts and files associated with Google account **ibeash420@gmail.com**, including an exact duplicate of all information stored in the computer accounts and/or files described below;

3. Google system administrators will provide the exact duplicate of the accounts and files described below and all information stored in those accounts and /or files to the Special Agent who serves this search warrant. Google is authorized to send the response via USPS or other delivery service;

4. Law enforcement personnel will thereafter review the information stored in the accounts and files received from the system administrator and then identify and copy the information contained in those accounts and files which are authorized to be further copied by this search warrant; and

5. Law enforcement personnel will then seal the original duplicate of the accounts and files received from the system administrator, and will not further review the original duplicate absent an order of the Court.

**I. <u>Information to be disclosed by Google, Inc.</u>**

For each account or identifier associated with **ibeash420@gmail.com**:

a. The contents of all e-mails stored in the account, including e-mails sent from the account;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. All records or other information stored by an individual using the account, including address books, contact and buddy lists, pictures, and files;

d. All content in the Docs, Calendar, Google Drive, Web History, Friend Contacts and Photos areas;

e. Any and all Google IDs listed on the subscriber's Friends list;

f.  All records pertaining to communications between Google, Inc., and any person regarding the account, including contacts with support services and records of actions taken.

**I.  Information to be seized by the government**

All records or information, including the contents of any and all wire and electronic communications, attachments, stored files, print outs, and header information that contain evidence and instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2)(A), and 2252A(a)(5)(B), which make it a crime to transport, receive and distribute, and possess child pornography, including, but not limited to, for **ibeash420@gmail.com**, information pertaining to:

a.  The receipt, possession, or distribution of email communication, photos, or visual depictions of minors. Furthermore the receipt, possession, or distribution of personal identifying information and financial account numbers, including, but not limited to credit card verification values (CVV) and names, addresses, dates of birth, and financial account numbers.

b.  The contents of any such communications that will assist investigators in ascertaining the nature and scope of the crimes under investigation, the true identity and or location of the subject and any co-conspirators, the names, addresses, and locations of potential victims, and any disposition of the contraband regarding the crimes under investigation.

c.  Records relating to who created, used, or communicated with the account or identifier.